IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-14-00177-002-HE |
| TOMMY LYNN RICHARDSON, | ) | |
| Defendant. | ) | |

## ORDER

Defendant Tommy Lynn Richardson has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is directed to the restitution obligation imposed in connection with his conviction for conspiracy to commit wire fraud. Richardson was ordered to pay restitution in the amount of $1,698,117.50. That obligation was joint and several with the restitution obligation of his co-defendants. In his motion, defendant argues that his counsel was ineffective in not challenging the restitution award and that the award was excessive in amount or otherwise contrary to law.

Mr. Richardson was convicted based on a guilty plea to the conspiracy charge. His guilty plea was pursuant to a plea agreement with the government in which, among other things, Mr. Richardson agreed that restitution would be ordered as to all victims of defendant's "relevant conduct." Plea Agreement, Doc. #49, ¶ 4. Under the plea agreement, he also agreed to waive his right to appeal or to collaterally challenge his sentence, "including any restitution," so long as the sentence did not exceed the advisory guideline range. A § 2255 motion was specifically referenced as one of the types of collateral

challenge which would be barred by the appeal waiver. Plea Agreement, ¶ 8. Defendant's sentence of imprisonment was below the guideline range.

In its response to the motion, the government invokes defendant's waiver of collateral challenge rights. It also argues Mr. Richardson waived any objection to the restitution award, even if he is permitted to pursue a challenge.

The court concludes the government's position as to the waiver of collateral challenge rights is correct and that defendant's motion must therefore be denied.

When a defendant waives in a plea agreement his right to collaterally challenge some aspect of his conviction, the court must determine "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." U. S. v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). As noted above, the waiver language in the plea agreement specifically referenced § 2255 motions as being within its scope. Further, it specifically identified any restitution award as being within the scope of the waiver. The waiver agreement was plainly intended to reach and preclude, in the appropriate circumstances, a defendant's § 2255 motion challenging restitution.

A plea agreement's waiver of post-conviction challenges does not waive the right to bring a challenge based on ineffective assistance of counsel claims directed to the validity of the plea or the waiver. United States v. Viera, 674 F.3d 1214 (10th Cir. 2012); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). But Mr. Richardson's motion

does not attempt to make that showing. Rather, his arguments go only to the validity of the restitution order and his counsel's efforts in connection with that. As a result, the court concludes Mr. Richardson's claim asserted here is within the scope of his waiver of collateral challenge rights.

There is no basis here for concluding that Mr. Richardson's agreement to the waiver provisions of the plea agreement was anything other than knowing and voluntary. The plea agreement itself so recites and its description of the pertinent waiver is clear. Further, during the plea colloquy, the attorney for the government described the waiver of appellate and collateral challenge rights and both the defendant and his counsel confirmed that description was accurate. The court further explained the waiver provisions to defendant and he confirmed that he understood them. Plea Transcript, Doc. #139-1 at 13-14.[1] Defendant knowingly and voluntarily waived his collateral challenge rights.

Finally, there is no basis here for concluding that enforcement of the waiver would result in a miscarriage of justice. It is not altogether clear what Mr. Richardson views as being a "miscarriage of justice." He suggests that the award was somehow unauthorized by statute, but the pertinent restitution statute plainly authorizes full restitution to the victims of the offense. 18 U.S.C. § 3663A. He was convicted of conspiracy to commit wire fraud and he offers no basis for concluding the losses that were the basis for the award were somehow other than within the scope of the conspiracy. Further, if there is any question as to the scope

---

[1] *Page references are to the pagination in the CM/ECF system.*

of the offense of conviction, the plea agreement makes clear that Mr. Richardson agreed to pay restitution to the extent of "relevant conduct" as determined by the Guidelines. Plea Agreement, ¶ 4. Such an agreement is specifically contemplated by statute. 18 U.S.C. § 3663A(a)(3). There is no basis here for concluding that enforcement of the waiver would result in a miscarriage of justice.

In short, Mr. Richardson has not established a basis for ignoring his waiver of collateral challenge rights and the waiver will be enforced. A detailed analysis of whether Mr. Richardson also waived any substantive claim is therefore unnecessary.[2]

Defendant Richardson's motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. #135] is **DENIED**. The court also denies a certificate of appealability, as it concludes defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 20th day of December, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[2]*The record does, however, make clear that defendant's counsel raised an objection to the loss amounts in the PSR that were the basis for the restitution award, but withdrew them at the time of the sentencing hearing. Mr. Richardson concurred in open court and on the record with that decision. See PSR at 5-54 [Doc. #106] and Transcript of Sentencing Hearing [Doc. #139-2] at 4-5.*